**FILED**

April 28, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM
                              DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **KEVIN PATRICIO GONZALEZ-COLLAGUAZO, A# 246 531 214,** § | |
| § | |
| **Petitioner,** § | |
| § | **NO. SA-26-CV-01361-OLG** |
| **v.** § | |
| § | |
| **WARDEN, South Texas ICE Processing Center, ET AL.,** § | |
| § | |
| **Respondents.** § | |

**O R D E R**

Before the Court are *pro se* Petitioner Kevin Patricio Gonzalez-Collaguazo's "Emergency Motion for Immediate Stay of Removal and Injunctive Relief" and "Emergency Combined Motion to Maintain Jurisdiction, Reject Mootness, Find Systemic Bad Faith, Abuse of Process, and Order Return of Petitioner to the United States" in this 28 U.S.C. § 2241 immigration habeas matter.[1] (Dkt. Nos. 9, 12). Upon review, the Court orders the motions **DENIED**. (Dkt. Nos. 9, 12).

Based on the Court's interpretation of the motions, it finds that the relief now sought on an *ex parte* and preliminary basis essentially mirrors the ultimate relief sought on the merits of this already-expedited § 2241 proceeding. (Dkt. Nos. 1, 9, 12). In that posture, this Court and others have denied such motions and proceeded directly to the merits of the habeas petition itself. *See, e.g., Garcia–Aleman v. Thompson*, No. SA-25-CV-886-OLG (W.D. Tex. Oct. 30, 2025) (Order Denying Motion for TRO and Preliminary Injunction, collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommending preliminary injunction be denied and habeas briefing be expedited because preliminary relief sought was "the

---

[1] As to the request to be returned to the United States, Gonzalez-Collaguazo has not been removed from the United States. He is currently detained, by his own admission, in the South Texas ICE Processing Center. (Dkt. No. 1).

same as the relief sought through the habeas petition"), *report and recommendation adopted*, No. CIV.A. 3:04-CV-298D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court … entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis added)); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("[T]he office of the writ is to provide a prompt and efficacious remedy, … [and] must not be allowed to founder in procedural morass." (citation modified)).

**IT IS THEREFORE ORDERED** that Gonzalez-Collaguazo's "Emergency Motion for Immediate Stay of Removal and Injunctive Relief" (Dkt. No. 9) and "Emergency Combined Motion to Maintain Jurisdiction, Reject Mootness, Find Systemic Bad Faith, Abuse of Process, and Order Return of Petitioner to the United States" (Dkt. No. 12) are **DENIED**.

It is **SO ORDERED**.

**SIGNED** this 28th day of April, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

2