**FILED**

May 06, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____NM_____
                DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KEVIN PATRICIO GONZALEZ-COLLAGUAZO, A# 246 531 214,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § § | **SA-26-CV-01361-OLG** |
| **WARDEN, South Texas ICE Processing Center, ET AL.,** | § § § § | |
| **Respondents.** | § § | |

**ORDER OF DISMISSAL**

Before the Court are *pro se* Petitioner Kevin Patricio Gonzalez-Collaguazo's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, "Notice of Removal from the United States and Change in Custody Status," and "Rule 59(e) and Rule 60(b) Motion for Reconsideration, to Vacate Order, and for Extraordinary Equitable Relief Including Facilitation of Return to the United States." (Dkt. Nos. 1, 14, 15). After review, the Court orders Gonzalez-Collaguazo's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (Dkt. No. 1). The Court further orders Gonzalez-Collaguazo's "Rule 59(e) and Rule 60(b) Motion for Reconsideration, to Vacate Order, and for Extraordinary Equitable Relief Including Facilitation of Return to the United States" **DISMISSED WITHOUT PREJUDICE AS MOOT**. (Dkt. No. 15).

**BACKGROUND**

Gonzalez-Collaguazo filed a § 2241 Petition contesting the legality of his continued detention and seeking release. (Dkt. No. 1). Gonzalez-Collaguazo has now filed "Notice of Removal from the United States and Change in Custody Status" in which he states that he was removed to Ecuador on March 25, 2026. (Dkt. No. 14). He also filed a motion asking for

reconsideration of a prior order denying a motion in which he asked the Court, among other things, to maintain jurisdiction and order his return to the United States. (Dkt. Nos. 12, 13, 15).

## ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

A petitioner may seek habeas relief under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). An immigration detainee who has been removed pursuant to a final removal order is not "in custody" for habeas purposes. *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (per curiam) (citing *Kumarasamy*

2

*v. Attorney General,* 453 F.3d 169, 173 (3d Cir. 2006); *Patel v. U.S. Attorney General,* 334 F.3d 1259, 1263 (11th Cir. 2003); *Miranda v. Reno,* 238 F.3d 1156, 1159 (9th Cir.2001)).

In his Petition, Gonzalez-Collaguazo requests release from detention. (Dkt. No. 1). However, by his own admission, Gonzalez-Collaguazo is no longer detained by immigration authorities and was removed from the United States on March 25, 2026. (Dkt. No. 14). According to the public website of the Executive Office for Immigration Review ("EOIR"), at the time he was deported, Gonzalez-Collaguazo had a final order of removal. *See* Automated Case Information (last visited May 6, 2026). The EOIR website also shows Gonzalez-Collaguazo's motion to reopen was denied March 16, 2026, and no appeal was received. *Id.* Accordingly, because he is no longer detained, Gonzalez-Collaguazo is not "in custody" for habeas purposes, *see Merlan*, 667 F.3d at 539, and the relief he seeks is no longer available, i.e., the Court can no longer redress Gonzalez-Collaguazo's alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In summary, Gonzalez-Collaguazo's claim for relief is moot and his Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

In his pending motion, Gonzalez-Collaguazo seeks reconsideration of this Court's prior Order denying his requests, among other things, to retain jurisdiction and order him returned to the United States. (Dkt. No. 15). However, federal courts lack jurisdiction over "claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (quoting 8 U.S.C. § 1252(g)). Thus, the

3

Court did not err in denying Gonzalez-Collaguazo's motion that was directly related to the execution of his removal.[1] Moreover, for the same reason his Petition his moot, his motion seeking reconsideration of this Court's prior order is likewise moot. (Dkt. No. 15).

CONCLUSION

Gonzalez-Collaguazo has been removed from the United States and is no longer in detention. Thus, the Court can no longer provide the relief sought by Gonzalez-Collaguazo. Accordingly, the Court finds Gonzalez-Collaguazo's § 2241 Petition is subject to dismissal without prejudice as moot, as is his motion for reconsideration.

**IT IS THEREFORE ORDERED** that *pro se* Petitioner Kevin Patricio Gonzalez-Collaguazo's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that *pro se* Petitioner Kevin Patricio Gonzalez-Collaguazo's "Rule 59(e) and Rule 60(b) Motion for Reconsideration, to Vacate Order, and for Extraordinary Equitable Relief Including Facilitation of Return to the United States" (Dkt. No. 15) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is **SO ORDERED**.

SIGNED this _6_ day of May, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

---

[1] This is true regardless of whether the Court inadvertently stated in the prior Order that Gonzalez-Collaguazo was still detained in the South Texas ICE Processing Center. The Court notes that Gonzalez-Collaguazo has not provided the Court with a "notice of address change," merely advising that he is in Ecuador. Accordingly, the Court will continue to send mail to Gonzalez-Collaguazo care of the South Texas ICE Processing Center, which is the last known address the Court officially has for him.